## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FOX AND FOX, ATTORNEYS AT LAW, P.C., W. FRANK JOHNSON, JR., JESSICA A. MILLER, and DAVID S. WORKMAN, CO-ADMINISTRATOR OF THE ESTATE OF MONA MITWALLI, DECEASED <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

## COMPLAINT

Plaintiff, Westport Insurance Corporation, by its undersigned attorneys, hereby complains of Defendants, Fox and Fox, Attorneys at Law, P.C., W. Frank Johnson, Jr., Jessica A. Miller, and David S. Workman, Co-Administrator of The Estate of Mona Mitwalli, Deceased, as follows:

## PARTIES

1. Plaintiff Westport Insurance Corporation ("Westport") is a corporation incorporated under the laws of Missouri with its principal place of business located at 1200 Main Street in Kansas City, Missouri 64105.

2. Defendant Fox and Fox, Attorneys at Law, P.C. ("Fox and Fox"), is a corporation incorporated under the laws of Pennsylvania with its principal place of business located at One Montgomery Plaza, Suite 706, 425 Swede Street, Norristown, Pennsylvania, 19401.

3. Defendant W. Frank Johnson, Jr. ("Johnson"), is an attorney licensed to practice law in the Commonwealth of Pennsylvania and is a citizen and resident of Pennsylvania. His current business address is 100 Four Falls Corporate Center, Suite 625, West Conshohocken, Pennsylvania, 19428. At all times relevant for purposes of this Complaint, Johnson was an employee or agent of Fox and Fox.

4. Defendant Jessica A. Miller ("Miller") is an attorney licensed to practice law in the Commonwealth of Pennsylvania and is a citizen and resident of Pennsylvania. Her current business address is One Montgomery Plaza, Suite 706, 425 Swede Street, Norristown, Pennsylvania, 19401. At all times relevant for purposes of this Complaint, Miller was an employee or agent of Fox and Fox

5. Defendant David S. Workman was appointed Co-Administrator of the Estate of Mona Mitwalli, Deceased (the "Estate"), by the Register of Wills of Montgomery County, Pennsylvania, on December 1, 2015. His business address is 200 South Broad Street, Suite 600, Philadelphia, PA 19102.

6. At the time of her death, Mona Mitwalli ("Mitwalli") was a citizen and resident of Pennsylvania residing at 2938 Denbeigh Drive, Hatfield, Pennsylvania, 19440.

## JURISDICTION AND VENUE

7. Jurisdiction over this matter is founded upon diversity of citizenship under 28 U.S.C. § 1332 based upon the facts alleged in paragraphs 1 through 6.

8. The matter in controversy exceeds $75,000 exclusive of interest and costs.

9. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to Westport's obligation, if any, under a policy of professional liability insurance to defend and indemnify Fox and Fox, Johnson, and Miller in a lawsuit filed by the Estate.

10. Venue for this matter is proper under 28 U.S.C. § 1391 (b) because at least one of the Defendants reside in this District. Additionally, a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF CLAIM

**A. The Westport Policy**

11. Westport issued Lawyers Professional Liability Insurance Policy No. WLA335007692407 to named insured Fox and Fox Attorneys at Law, P.C., in effect from September 22, 2013 to September 22, 2014 (the "Policy"). A copy of the Policy is attached as Exhibit A.

12. The Policy is subject to a limit of liability of $5,000,000 per claim and in the aggregate. Both limits of liability are subject to a $10,000 deductible. Ex. A, Declarations.

13. The Policy's insuring agreement states as follows:

> The Company shall pay on behalf of any INSURED all LOSS in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT occurring on or after the RETROACTIVE DATE, if any.

Ex. A, I. Insuring Agreements A.

14. Section IV., Exclusions, provides in part as follows:

> This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:

* * * *

> C. bodily injury to, or sickness, disease or death of any person. This exclusion does not apply to mental illness, emotional distress or humiliation directly arising from the rendition of PROFESSIONAL SERVICES.

Ex. A, IV. Exclusions C.

B.     *The Estate of Mona Mitwalli, Deceased v. Fox and Fox, et al.*

15.    In January 2018, the Estate filed a complaint against Fox and Fox, Johnson, and Miller in the Court of Common Pleas, Montgomery County, Pennsylvania, civil action no. 2015-12340 (the "*Estate* Lawsuit"). A copy of the complaint in the *Estate* Lawsuit is attached as Exhibit B.

16.    In the *Estate* Lawsuit, plaintiff alleges that beginning in 2013, Fox and Fox, and specifically Johnson and Miller, represented Mitwalli in connection with certain legal matters, including her divorce. Ex. B, ¶¶ 9, 16-103.

17.    The complaint in the *Estate* Lawsuit alleges that Fox and Fox, Johnson, and Miller committed legal malpractice in their representation of Mitwalli and, as a result, Mitwalli suffered bodily injury and death. Ex. B, ¶¶ 13-15, 112, 119, 123.

18.    Westport is currently defending Fox and Fox, Johnson and Miller in the *Estate* Lawsuit subject to a reservation of rights. Among other things, Westport reserved its right to deny coverage based on the exclusion for claims arising out of "bodily injury to, or sickness, disease or death of any person."

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

19.    In the *Estate* Lawsuit, plaintiff seeks damages for Mitwalli's bodily injury and death, allegedly as a direct and proximate result of the conduct of Fox and Fox, Johnson, and Miller. *See, e.g.*, Ex. B ¶¶ 112, 119, 123.

20.    The Policy excludes insurance coverage for claims "based upon, arising out of, attributable to, or directly or indirectly resulting from … bodily injury to … or death of any person." Ex. A, IV. Exclusions C.

21. Westport seeks a judgment from this Court declaring that under the Policy, Westport does not owe Fox and Fox, Johnson or Miller a defense or indemnification in connection with the *Estate* Lawsuit.

22. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to Westport's obligation, if any, under the Policy to defend or indemnify Fox and Fox, Johnson, and Miller in connection with the *Estate* Lawsuit.

## DEMAND FOR JUDGMENT

WHEREFORE, Westport respectfully requests that the Court enter a judgment (i) declaring that under the Policy, Westport does not have a duty to defend Fox and Fox, Johnson, and Miller in connection with the *Estate* Lawsuit, (ii) declaring that under the Policy, Westport does not have any obligation to indemnify Fox and Fox, Johnson or Miller for any settlement or judgment arising out of the *Estate* Lawsuit, (iii) awarding Westport its costs incurred herein, and (iv) providing Westport such other and further relief as the Court deems appropriate and just.

Dated: April 8, 2019

Respectfully submitted,

*/s/ Elit R. Felix, II*   [Sign. Code: ERF 5100]

Elit R. Felix, II
 (PA Sup. Ct. Id. No. 36736)
MARGOLIS EDELSTEIN
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
(215) 931-5870

*Of Counsel:*
Robert P. Conlon
Douglas W. Walker
WALKER WILCOX MATOUSEK LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
(312) 244-6700

Attorneys for Plaintiff, Westport Insurance Corporation